IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Cause No. 2:17-cr 00047 |
| v.           ) | |
| ) | |
| ANTONIO WALTON      ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR A BILL OF PARTICULARS

Comes now Thomas L. Kirsch II, United States Attorney for the Northern District of Indiana, through Assistant United States Attorney Thomas R. Mahoney, and files this response in opposition to defendant's motion for a bill of particulars (DE # 601).

## I.      INTRODUCTION

In his motion for a bill of particulars, defendant requests a bill of particulars providing, in essence, (a) the names of all indicted and unindicted co-conspirators; (b) the date, time, place, and manner in which any defendant became a member in the conspiracy; (c) date, time and location of specific acts in furtherance of the drug conspiracy, along with the names of the individual alleged to have performed those acts. Defendant further requests specific dates and times when co-

conspirators met together to form the conspiracy and dates and times and persons present when conspiracy activities took place "elsewhere.'

The motion lacks merit. The defendant is, in essence, moving the Court to order the government to provide information that would amount to an outline of the government's proof at trial, as well as information that goes well beyond what is required to prove a drug conspiracy in violation of 18 U.S.C. § 846. The Indictment returned by the grand jury, along with extensive discovery, provides more than sufficient information to apprise the defendant of the nature of the charges against him.

## II. A BILL OF PARTICULARS IS NOT NECESSARY

### A. Applicable Legal Standard

A bill of particulars is not necessary when the indictment "sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981); *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003); *see also United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) (providing that a bill of particulars is "unnecessary where the indictment sets forth the

elements of the charged offenses and provides sufficient notice of the charges to enable the defendant to prepare his defense"). "An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test." *Fassnacht*, 332 F.3d at 446.

When determining whether a bill of particulars is necessary, courts conduct an analysis that "is similar to [the] constitutional sufficiency-of-the-indictment analysis; in both cases, the key question is whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial preparation." *Vaughn*, 722 F.3d at 927 (internal quotation marks and citation omitted). Importantly, a bill of particulars is not a discovery device. *See e.g., United States v. Huggans*, 650 F.3d 1210, 1221 (8th Cir. 2011) ("A bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial."); *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) ("A bill of particulars is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial.") (citation

and internal quotations omitted); *United States v. Anderson*, 799 F.2d 1438, 1442 (11th Cir. 1986) ("Generalized discovery, however, is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill."); *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) ("Unlike discovery, a bill of particulars is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation and not to provide the defendant with the fruit of the government's investigation.") (emphasis in original, citation omitted); *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) (same).

Of particular relevance here, "[a]s applied to a charge of conspiracy, the view virtually universally held is that the defendant is not entitled to particulars regarding the formation of the conspiracy; the exact time and place of overt acts and the names and addresses of persons present; the details concerning how and when the conspiracy was formed or when each participant entered the conspiracy." *United States v. Omar*, No. 1:12-cr-00264-SCJ-RGV, 2012 WL 6934627, at *3 (N.D. Ga. Dec. 7, 2012) (quoting *United States v. Upton*, 856 F. Supp. 727, 753 (E.D.N.Y. 1994)); *Crayton*, 357 F.3d at 568 ("[T]he

4

Government is not required to furnish the name of all other co-conspirators in a bill of particulars."); *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986) ("A bill of particulars may not be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy. Nor is the government required to provide defendants with all overt acts that might be proven at trial."); *United States v. Dumeisi*, 03 CR 664-1, 2003 WL 22757747, at *2 (N.D. Ill. Nov. 20, 2003) (denying a motion for a bill of particulars, and reasoning that "defendants are not entitled to know the specific dates, times, places, and persons present at particular events") (quoting *United States v. Polichemi*, No. 94 CR 555, 1995 WL 733473, at *6 (N.D. Ill. Dec. 8, 1995)).

B. **The Defendant is Not Entitled to a Bill of Particulars**

Defendant seeks a bill of particulars for Counts One through Five of the "First Superseding Indictment" (hereinafter Indictment) [1] which charges the defendant and his codefendants with conspiracy to distribute and possess with intent to distribute controlled substances.

---

[1] A Second Superseding Indictment was filed on April 19, 2019. Walton is charged in Count One with others including Christopher Green. Green is the sole defendant charged Counts Two, Three, Four and Five. Christopher Green has since pleaded guilty with the benefit of a plea agreement and awaits sentencing.

Defendant Antonio Walton is charged solely in Count One of the Indictment.

Between the Indictment, which apprises the defendants of the elements of the offense charged, the time and place of the charged conduct with citations to the relevant statutes and the extensive discovery produced thus far, the defendant's request for a bill of particulars should be denied.

In addition to the Indictment, defendants also have received extensive discovery from the government. That discovery includes reporting regarding (a) the time, place and circumstances of acts of violence and narcotics trafficking; (b) the identities of potential witnesses; (c) statements made by individuals; (c) evidence obtained and inventoried; (d) photographs and video recordings; as well as (e) extensive reporting regarding the investigation, including search warrant applications and affidavits in support, which detail the course of the investigation. In ruling on the defendant's motion for a bill of particulars, this Court should consider that the information the defendant seeks is available and has been produced in discovery. *See e.g., Vaughn*, 722 F.3d at 927. Indeed, the Seventh Circuit repeatedly

has held that a bill of particulars is unnecessary if the information the defendant seeks is "available through alternate means such as discovery." *Id.*; *Blanchard*, 542 F.3d at 1140; *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003) (affirming denial of a motion for a bill of particulars); *Fassnacht*, 332 F.3d at 446; *Glecier*, 923 F.2d at 502. Pursuant to Federal Rule of Criminal Procedure 16, the government has already produced thousands of pages of discovery, including law enforcement reports related to arrests, a murder, and drug trafficking, as well as other items in discovery. That discovery, coupled with the allegations in the Indictment, is more than sufficient to apprise the defendants of the conspiracy charged against them. *See Vaughn*, 722 F.3d at 928 (defendant was not entitled to a bill of particulars in a drug conspiracy case where the government produced 350 pages of discovery); *Blanchard*, 542 F.3d at 1140-41 (bill of particulars was not necessary in a drug case in which the government produced law enforcement reports regarding the searches of his residence, the affidavits that supported those search warrants, and the defendant's statements to law enforcement); *Canino*, 949 F.2d at 949; *Glecier*, 923 F.2d at 502.

The defendant suggest that they are unable to formulate or prepare a defense, but that argument is far too vague and unspecific to warrant a bill of particulars  Put differently, defendant's motions expressly seeks the specific details of how the government intends to prove its case at trial, which is not what a bill of particulars is designed to provide. *See Fassnacht*, 332 F.3d at 446 (providing that a defendant's "constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved"); *United States v. Richardson*, 130 F.3d 765, 776 (7th Cir. 1997) (Defendant "is only entitled to know the offense with which he is charged, not all the details of how it will be proved."); *Kendall*, 665 F.2d at 135 ("The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved.") Also, the defendant erroneously suggest that a bill of particulars is necessary to know what act or acts the individual defendants are alleged to have agreed to have carried out. That defense argument reflects a fundamental misunderstanding of a violation of 18 U.S.C. § 846. A defendant may be convicted of a conspiracy even though he or she participated on only one occasion and played a minor part. *United*

8

*States v. Roberts,* 881 F.2d 95, 101 (4th Cir. 1989); *United States v. Jones,* 2009 W.L. 357946 (W.D. Va. 2009). Further, defendants need not know the identities of the other participants. It is enough that each member know that he is participating in a joint enterprise. *United States v. Odom,* 13 F.3d 949, 959 (6th Cir. 1994).

Defendant also request a bill of particulars to identify "the unidentified alleged coconspirators and associates." That information is available through discovery provided to the defendants. Defendant, tellingly, does not argue that the discovery materials are insufficient in this regard, nor do they suggest that the discovery materials leave him guessing about the scope of the conspiracy or the identity of its participants. Although the defendant is right that discovery in this case is voluminous, that fact alone does not suggest that discovery materials are insufficient to allow the defendant to adequately prepare for trial.

The government is in the process of compiling and tendering additional discovery as ordered by the Court. These material will contain Jencks materials, proffer reports and grand jury materials.

### III. CONCLUSION

Thus, the allegations in Count 1 describing the controlled substance conspiracy in the Indictment along with the extensive discovery produced and in the process of being produced to the defendant provide more than sufficient information for the defendant to determine the nature of the charges against them, and a bill of particulars is unnecessary.

Respectfully Submitted,

                    THOMAS l. KIRSCH II
                    UNITED STATES ATTORNEY

      *By:*    */s/ Thomas R. Mahoney*
               Thomas R. Mahoney
               Assistant United States Attorney

11